UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RECEIVED DEC 28 2020

KHALIF ABDUL QAWI MUJAHID
KEITH EUGENE GAFFNEY-BEY / AKA
PETITIONER

V.                      NUMBER:

UNITED STATES OF AMERICA
RESPONDENT

Petitioner's motion for this honorable court to order a public defender to review the petitioner's compassionate release motion to determine if the motion presents extraordinary and compelling reasons that warrant appointment of counsel, for a second look at resentencing under the act which the petitioner asserts that it does.

Petitioner respectfully ask that this court review petitioner's compassionate release motion pursuant to 18 U.S.C. 3582 (C)(1)(A), and order the Public Defender's office to do the same, and if this court or the Public Defender's office finds that the motion presents extraordinary and compelling reasons under the sentence commission's criteria, and other court precedent that clearly warrant a second look at resentencing. That this court pursuant to 18 U.S.C. 3006 (A) in the interest of justice appoint counsel. The petitioner hopes that the court appoints counsel for the following reasons:

1.

The petitioner is serving a life sentence for 18 U.S.C. 848(B) case, for a prison case that had prison drug addicts, and prison informants that didn't know petitioner testify for plea bargains, and money that the U.S. Attorney's paid them for being on their payroll for being government witnesses.

Petitioner has been incarcerated since I was 19-years old. Since September 14, 1993, on D.C. code sentences. Petitioner has been in federal custody since May 17, 1994, and was convicted on my 18 U.S.C. 848(B) case in May 1995.

Petitioner has been held here at Florence Supermax for the last 24-years, almost a quarter of a century. Petitioner is now 66-years old, with a series of medical conditions, hepatitis-C, macular degeneration in my left eye, moderate severe asthma, which the CDC confirms is a serious lung disease, and I'm being medicated for an enlarged prostate that I had surgery for 6-years ago.

Petitioner is at a high risk of being infected and succumbing to covid-19, particularly in the state of Colorado, that since November 2020, had 4,000 infections a day, a 12% state wide infection rate, and covid-19, has made it to this Florence compound, infecting prisoners in all four prisons, and at this supermax prison, and in my housing unit that I reside in where several inmates, and officers have been infected, and quarantined, and my entire housing unit is presently quarantined.

2.

The court should also know that petitioner's confinement of 24-years at this super-max, and my post sentence rehabilitation, is extraordinary and compelling additional factors that support time-served. Moreover, various courts that have granted time-served on 84B(8) life sentences, and have done so based on similar facts and conditions to the petitioner (i.e. like age, 17 to 33 yrs. severe asthma, Covid-19, disparity in sentencing, equity, and post sentencing rehabilitation like petitioner's (among other reasons), in compassionate release motions.

Furthermore, petitioner is a layman in law, and had assistance from a season and experience jailhouse jurist to draft my compassionate release motion. Petitioner is unlikely to have his continued assistance because this jailhouse jurist is one of the prisoners who became infected with Covid-19, and was moved and put on quarantine.

Petitioner does not know or fully understand the complexity of legal standards as they apply to relevant facts in relation to the statute, precedent or the sentence commission standard, among other issues that increases the likelihood of resentencing and preventually time-served.

The matter is literally between life and death and without counsel irreparable harm is likely, and with an appointed counsel a resentencing and time-served is more likely. However, petitioner now is only asking the court to order the public defenders office to review petitioner's motion for any

3.

extraordinary and compelling reasons that support a likelyhood of merit, and resentencing, and if so to report that back to the court, so the court can then appoint me counsel under 18 U.S.C. 3006(A) or not.

Petitioner, receives money from children, and a few friends periodically to pay postage, and commissary items, but doesn't have money to afford an attorney. My trial judge in that court even told me at my sentencing that he was imposing a $250.00 court fee, but not a fine because he knew i didn't have any money on this illegal 848(b) prison case, and conviction.

Respectfully Submitted

Khalif Abdul Qawi Mujahid
#14474-101
USP-ADX  P.O. Box-8500
Florence, CO. 81226-8500

DATE: 12-18-2020

KHALIF ABDUL QAWI MUJAHID

CERTIFICATE OF SERVICE

I hereby certify that i have served a true copy of this motion to appoint counsel, first class mail postage prepaid to the published address of the U.S. Attorney's office, for the Eastern District of Virginia, Alexandria Division.

DATE: 12-18-2020

Khalif Abdul Qawi Mujahid

KHALIF ABDUL QAWI MUJAHID

4.