IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Case No. 1:95-cr-53 (LMB) |
| | ) |
| KEITH EUGENE GAFFNEY,[1] | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE**

On May 12, 2021, this Court denied Mr. Gaffney's original motion for compassionate release "without prejudice to allow defendant to renew [the motion] should the District of Columbia grant defendant's release." *See* Dkt. No. 203. Mr. Gaffney has now been granted parole in the District of Columbia, and accordingly, respectfully submits this renewed motion for compassionate release from his Eastern District of Virginia sentence.

As this Court is aware, Mr. Gaffney has been in custody since 1973, when he was arrested and charged in the District of Columbia at the age of 19. He was convicted of serious charges in the District of Columbia and was serving his sentence at the now-shuttered Lorton Reformatory, when he was then charged in this Court in 1995 with running a drug distribution ring within the Lorton prison. Mr. Gaffney was subsequently convicted in this Court of the federal charges at a time when the U.S. Sentencing Guidelines were mandatory. The Sentencing Guidelines called for a life sentence, and, accordingly, the Court imposed a life sentence.

As indicated in one of Mr. Gaffney's earlier filings, a March 23, 2021 reply, *see* Dkt. No. 195, Mr. Gaffney submitted an application for parole from his District of Columbia sentence in

---

[1] Mr. Gaffney legally changed his name to "Khalif Abdul Mujahid" in 1996, and is known by that name within the Bureau of Prisons. He was charged in this Court prior to this name change and is therefore referred in this Motion by his birth name, Keith Eugene Gaffney.

March 2021.  While he was eligible for parole years ago, he had not previously applied given his federal life sentence.  On May 25, 2021, the United States Parole Commission held a hearing on Mr. Gaffney's parole application, after which the Parole Commission granted Mr. Gaffney's parole, effective July 24, 2021.  *See* Exhibit 1, United States Parole Commission Notice of Action, dated June 28, 2021.  In accordance with the Parole Commission's Notice of Action, Mr. Gaffney was released to the federal detainer on July 24, 2021, to serve the sentence imposed in this Court.

Now that Mr. Gaffney has obtained relief from his District of Columbia sentence, and in light of the state of the COVID-19 pandemic as well as the fact that his physical condition continues to deteriorate after nearly 50 years in prison, Mr. Gaffney renews his motion for compassionate release.  In order to ease his transition to the community, Mr. Gaffney respectfully requests that the Court reduce his life sentence to a term of time-served, effective 6 months from the date of the Court's Order, with the recommendation to BOP that he be immediately placed in a Residential Reentry Center ("RRC") in Norfolk or Newport News, Virginia.  A similar approach was taken by the Court in *United States v. Williams*, 1:92-CR-83-01, Dkt. No. 349 (LO), and *United States v. Joyner*, 1:92-CR-83-02, Dkt. No. 358 (LO), for defendants who were granted compassionate release after serving decades in prison.

## ARGUMENT

Extraordinary and compelling reasons warrant Mr. Gaffney's compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i).[2]  In its May 12, 2021 Order, the Court noted that Mr. Gaffney suffers from "serious health conditions" and faces a specialized risk from COVID-19 due

---

[2] The Court previously ruled that Mr. Gaffney had properly exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 203 at 2.

2

to his pre-existing hepatitis C condition.  Dkt. No. 203 at 5.[3]  The Court further remarked upon Mr. Gaffney's strong record within the BOP, where he has not incurred a significant disciplinary infraction in nearly 20 years, *id*.[4], information that the U.S. Parole Commission surely also relied upon in granting parole.

Mr. Gaffney's serious medical conditions persist, as does his vulnerability to COVID-19.  Indeed, the extraordinary surge in positive COVID-19 cases across the country due to the Delta variant only increases Mr. Gaffney's risk, regardless of his vaccination status.  As detailed in his Motion for Compassionate Release and Reply in Support of Motion for Compassionate Release, Mr. Gaffney suffers from several significant health conditions, including an enlarged prostate, chronic hepatitis C, anemia, macular degeneration, glaucoma and hematuria.  *See* Dkt. Nos. 179 & 195.  The condition of Mr. Gaffney's eyes continues to deteriorate.  Last month, he began receiving injections in his eyes to slow the progression of his diagnosed macular degeneration.  *See* Exhibit 2, BOP Medical Record (filed under seal).  This is an incurable condition that requires close medical monitoring, and can result in severe or even permanent central vision loss.  *See https://www.macular.org/what-macular-degeneration*.  It is critical that Mr. Gaffney be evaluated by a retinal specialist every 4-6 weeks in order to determine whether additional shots are necessary, care which will undoubtedly be easier to obtain outside of BOP.  Mr. Gaffney's macular degeneration, in addition to his other chronic medical conditions, reflect his "deteriorating physical

---

[3] This Court stated that, "[a]lthough most of his medical conditions are not listed as risk factors for severe illness from COVID-19 by the CDC, defendant clearly suffers from some serious health conditions and has pointed to evidence that individuals with pre-existing hepatitis C are at higher risk of death from COVID-19." Dkt. No. 203 at 5 (citation omitted).

[4] This Court highlighted Mr. Gaffney's lack of any disciplinary infractions since 2007 and lack of significant disciplinary infractions since 2003, as well as the recommendations that he be transferred to a state facility twice during his 24 years at USP Florence ADX. Dkt. No. 203 at 5. Further, the Court noted Mr. Gaffney's age (he is now 68 years old) and that he has been incarcerated since he was 19 years old. *Id*.

health" due to the aging process which significantly limits his ability to provide self-care within the BOP, *see* U.S.S.G. § 1B1.13, App. Note 1(A), thus warranting his compassionate release.

Mr. Gaffney also continues to face substantial risk from COVID-19 based on his age and medical conditions. Indeed, the virulent Delta variant has worsened the COVID-19 situation across the country within the past several weeks.[5] The number of new reported cases has spiked since early July 2021 and is now at a rate higher than either May or July 2020.[6] Restrictions that had been easing, such as mask-wearing, have been reimposed, even for the vaccinated, like Mr. Gaffney. In sum, based on Mr. Gaffney's ongoing medical conditions as well as the risk he faces from COVID-19, extraordinary and compelling reasons exist that warrant his early release from confinement.

After much thought and discussion with family members, Mr. Gaffney has concluded that placement in a federal halfway house (also known as a Residential Reentry Center) is the ideal way for him to transition from prison to the community after such a lengthy period of incarceration. Mr. Gaffney continues to enjoy the support of friends and family, who welcome his return and will do what they can to provide support. *See* Dkt. No. 195, Exhibit 3, and Exhibit 3, attached. Given the length of time that he has been in custody, however, much of his immediate family is deceased. He wishes to take time to rekindle his personal relationships with family and friends and to forge a new relationship with his daughter who was born after he was incarcerated. Accordingly, Mr. Gaffney respectfully requests that the Court reduce his sentence to time-served, effective 6 months from the date of the release order, with a recommendation that he be placed immediately in a

---

[5] *See* More Infectious Delta Variant Makes Up 83% of New US Coronavirus Cases as Vaccine Hesitancy Persists, CNN (last updated July 20, 2021), https://www.cnn.com/2021/07/20/health/us-coronavirus-tuesday/index.html.

[6] *See* Coronavirus in the U.S.: Latest Map and Case Count, NYTimes (as of Aug. 7, 2021) ("NYTimes Coronavirus Map"), https://www.nytimes.com/interactive/2021/us/covid-cases.html.

Residential Reentry Center ("RRC") to serve the remainder of his sentence. As noted above, a court in this district granted compassionate release and fashioned similar release orders for two similarly-situated defendants in Criminal Case No. 1:92-CR-83 (LO).

Residence in an RRC will afford Mr. Gaffney short-term housing from which to apply for benefits and secure long-term housing in the metropolitan Washington D.C. area. Because the RRC in the District of Columbia (Hope Village) is now closed, Mr. Gaffney requests placement at the Norfolk or Newport News RRC. Finally, Mr. Gaffney has established contact with the D.C. Mayor's Office of Returning Citizens, which is willing to assist him with release planning and provide him with case management services, as detailed in the attached letter. *See* Exhibit 4.[7] Mr. Gaffney can best take advantage of these services if first released to a halfway house.

## CONCLUSION

For the reasons stated above and in Mr. Gaffney's Motion for Compassionate Release filed on February 11, 2021 and Reply in Support of Motion for Compassionate Release filed on March 23, 2021, Mr. Gaffney respectfully requests that this Court grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and that his life sentence be reduced to a term of time-served effective 6 months from the date of the Order, with the recommendation that he be immediately placed in a Residential Reentry Center in Norfolk or Newport News, Virginia.

---

[7] If released, Mr. Gaffney will also be under parole supervision in the District of Columbia.

Respectfully submitted,

KEITH EUGENE GAFFNEY

/s/
Shannon S. Quill, Esq.
Virginia Bar No. 76355
Assistant Federal Public Defender
Attorney for K. Gaffney
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0850 (T)
Shannon_Quill@fd.org (e-mail)

## **CERTIFICATE OF SERVICE**

      I certify that on this 24th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

                                      /s/
Shannon S. Quill, Esq.
Virginia Bar No. 76355
Assistant Federal Public Defender
Attorney for K. Gaffney
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0850 (T)
Shannon_Quill@fd.org (e-mail)